IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; TRANSCONTINENTAL INSURANCE COMPANY OF NEW YORK AND TRANSPORTATION INSURANCE COMPANY OF ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN TROTMAN CARROLL, BRUNER R. DICUS, AMSOUTH BANK as Personal Representative of the ESTATE OF ROBERT S. SANFORD, Deceased and ALFAB, INC., <br><br> Defendants. | Civil Action No. 1:06CV 933-WKW |

## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COMES NOW, Plaintiffs, American Casualty Company of Reading, Pa., Transcontinental Insurance Company and Transportation Insurance Company, and file their Complaint for Declaratory Judgment against Defendants, as parties to an action currently pending in the Circuit Court of Coffee County, Alabama, and would show the Court as follows:

### Parties

1. American Casualty Company of Reading, Pa. is a Pennsylvania corporation, (hereinafter referred to as "American Casualty").

2. Transcontinental Insurance Company is a New York company (hereinafter referred to as "Transcontinental").

3. Transportation Insurance Company is an Illinois corporation (hereinafter referred to as "Transportation").

4. Defendant ALFAB, Inc. is a corporation organized under the laws of the State of Alabama, and has its principal place of business at Enterprise, Coffee County, Alabama. (Hereinafter referred to as "ALFAB").

5. Defendant AmSouth Bank is the personal representative of the Estate of Robert S. Sanford, deceased. The late Robert S. Sanford was a citizen of the State of Alabama. Sanford was a principal and officer in Defendant ALFAB. AmSouth Bank is a Delaware Corporation with its principal place of business in Birmingham, Alabama, and is sued herein only in its representational capacity.

6. Bruner R. Dicus is a citizen of the State of Alabama. Dicus is a principal of Defendant ALFAB, Inc.

7. Defendant John Trotman Carroll is a citizen of the State of Alabama. Carroll has brought suit against ALFAB and its principals listed above.

### Jurisdiction and Venue

8. This is a civil action seeking a declaratory judgment brought under the provisions of 28 U.S.C. § 2201. The court has jurisdiction of this action under the provisions of 28 U.S.C. § 1332 (diversity of citizenship) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Venue is proper in the United States District Court for the Middle District of Alabama under 28 U.S.C. § 1391 because the defendants reside

in this judicial district, a substantial part of the events giving rise to the claim occurred in this district, and the defendants are subject to personal jurisdiction in this district.

### Claims Giving Rise to Cause of Action for Declaratory Relief

9.      Plaintiff American Casualty issued to ALFAB, Inc. commercial general liability policy number C 2025792622 for the period of 09/03/2000 to 09/03/2001. Transcontinental Insurance Company issued to ALFAB commercial general liability policy number C2025792622 for the policy period 09/03/2001 to 09/03/2002. Transportation Insurance Company issued to ALFAB a commercial umbrella policy number C 2051472952 for the period 09/03/2001 through 09/03/2002. American Casualty, Transcontinental Insurance Company, and Transportation Insurance Company are hereinafter referred to collectively as "The CNA companies," and the policies issued by the same shall be referenced as "the CNA policies."

10.     On February 3, 2004, John Trotman Carroll ("Carroll") filed suit in Alabama state court against ALFAB and its principals. That action is filed in the Circuit Court of Coffee County, Alabama, Elba Division and is styled *John Trotman Carroll v. Bruner R. Dicus, MSouth Bank, as personal representative of the Estate of Robert S. Sanford, deceased, ALFAB, Inc., a corporation, and Fictitious Defendants "A", "B", and "C", whether singular or plural, or those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs ("Carroll"), all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained* (the "underlying suit").

11. In the underlying suit, Carroll complains that Bruner R. Dicus ("Dicus") and Robert S. Sanford ("Sanford") reneged on their promise to pay Carroll a commission for obtaining a buyer for ALFAB. Carroll alleges that the principals of ALFAB, Dicus and Sanford, breached their promise to pay Carroll the lesser amount of either three percent of the purchase price or $100,000 if Carroll found a viable purchaser for ALFAB. Carroll asserts causes of action for fraud/misrepresentation, suppression, and negligence/wantonness. Carroll seeks economic damages, mental anguish damages and punitive damages.

12. A dispute has arisen among the Plaintiffs and the Defendants as to whether liability coverage exists under the CNA policies issued by Plaintiffs which would require Plaintiffs to undertake the defense of ALFAB, Inc. and its principals, and to pay any judgment rendered in the underlying suit. Plaintiffs aver that certain provisions and exclusions contained within the CNA policies bar coverage for any of the matters and transactions made the basis of the underlying suit.

13. In the underlying suit, Carroll alleges that defendants ALFAB, Dicus and Sanford made representations which were false and which such defendants knew were false "with the intent to deceive" Carroll.

14. All of the CNA policies define *"occurrence"* as *"an accident, including continuous or repeated exposure to substantially the same general harmful conditions."* Plaintiffs herein seek a declaration that the pleadings of Carroll in the underlying lawsuit do not factually allege an occurrence so as to trigger coverage under the CNA policies.

15. Plaintiffs would further show that both coverage forms CG001 07 98 under the American Casualty and Transcontinental policies, as well as form G-15057-A

under the Transportation umbrella policy, contain the "expected or intended" policy exclusion, which reads, in all policies as follows:

This insurance does not apply to:

\* \* \* \*

a.   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

16.   Plaintiffs further aver that the exclusion for expected or intended injury on the part of the insured precludes coverage under the CNA policies because the *Carroll* pleadings factually allege intentional conduct on the part of the insured.

17.   Carroll's pleadings in the underlying suit contain the following claims for injuries or damages:

> 9.   *As a proximate result of said fraud, the Plaintiff was caused to suffer the following injuries and damages, including but not limited to, loss of personal time, legal expenses, accounting fees, travel expenses, economic development fees, office expenses and/or various miscellaneous expenses, loss of his personal funds and monies, as a result of said conduct was caused to lose income and will continue in the future to lose income; and/or suffered mental anguish and/or emotional distress as a direct result of the misconduct of the Defendants complained of herein.*

18.   Under the CNA policies, "property damage" is defined under each policy to mean:

a. [p]hysical injury to tangible property, including all resulting loss of use of that property . . . or

b. [l]oss of use of tangible property that is not physically injured. . . "

19.   Other than Carroll's claim for mental anguish and/or emotional distress and for punitive damages, the alleged damages claimed in the underlying suit are exclusively economic in nature, and are not covered under the policy.

20. There is a justiciable controversy which exists between the parties to this complaint in that Plaintiffs deny that there is any coverage for the matters in transaction made the basis of the underlying state court suit, and Defendants maintain that there is coverage under these liability umbrella policies.

21. Plaintiffs seek judicial declaration that they have no duty to defend ALFAB or its principals in the underlying suit brought by Carroll.

22. Plaintiffs seek judicial declaration that they have no duty to indemnify ALFAB or its principals for any damages awarded to Carroll in the underlying suit as no coverage exists for the claims made and damaged alleged.

WHEREFORE, Plaintiffs respectfully move the Court to declare that there is no coverage under the CNA policies for any of the matters and transactions made the basis of the underlying state court suit, and to declare that the Plaintiffs have no duty under any of the CNA policies to defend the state court action or to pay damage if a judgment is rendered against ALFAB, Dicus or Sanford and in favor of Carroll in the state court action. Plaintiffs specifically move the court for a declaration that:

1. Plaintiffs have no duty to defend ALFAB or its principals in the underlying suit brought by Carroll;

2. Plaintiffs have no duty to indemnify ALFAB or its principals for any damages which may be awarded Carroll in the underlying action;

Plaintiffs seek reasonable and necessary attorneys' fees for the prosecution of this action, as well as costs of court. Plaintiffs further pray for all further relief at law or in equity to which they may be justly entitled to receive.

Respectfully submitted,

*[signature: DWMcCormick]*

Donald W. McCormick
SJIS# MCC043
2722 Highland Court South
Birmingham, AL 35205
(919) 918-7113
(919) 933-9233 Facsimile
**ATTORNEYS FOR PLAINTIFFS**

**OF COUNSEL:**

Martha Mackey-Downs
Texas State Bar No. 17420600
COLLIAU ELENIUS MURPHY
CARLUCCIO KEENER & MORROW
Plaza of the Americas
600 N. Pearl Street, Suite 1400
Dallas, Texas 75201
(214) 220-5900
(214) 220-5902 Facsimile